UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HENRIETTA A. SIMPSON,

    Plaintiff,

           Case No. 26-cv-949-pp

  v.

DAVID STEINER
and UNITED STATES POSTAL SERVICE,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 3), DETERMINING COMPLAINT DOESN'T STATE CLAIM AND ALLOWING PLAINTIFF TO AMEND**

---

On May 28, 2026, the plaintiff, who is representing herself, filed a complaint alleging that her employer, the United States Postal Service, had discriminated against her based on her disability. Dkt. No. 1. Along with her complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a motion to appoint counsel, dkt. no. 3. This order screens the complaint and rules on both motions.

**I.  Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

1

The plaintiff's request to proceed without prepaying the fee says that she is employed and earns $3,300 a month. Dkt. No. 2 at 1–2. She states that she is not married and has no dependents. Id. at 1. The plaintiff reports monthly expenses of $3,524. Id. at 3. She lists $1,300 for a mortgage, $389 for a car payment, $240 for a credit card payment, $297 for utilities, $150 for medication, $78 for a cell phone payment, $170–$200 for groceries and $250 for water every three months. Id. at 2–3. According to the request, the plaintiff owns a car worth $9,000 and a home worth between $120,000 and $140,000. Id. at 3. She does not know how much equity she has in her home. Id. She says she does not have any money in any bank accounts or investment accounts. Id. The plaintiff explains that she had a kidney transplant which put her behind on her bills. Id. at 4. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee and will grant her motion.

The plaintiff should be aware that she still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

## II.    Screening the Complaint

### A.    Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### B.    Allegations in the Complaint (Dkt. No. 1)

The plaintiff used a national form complaint, titled "Complaint for Employment Discrimination." The complaint alleges that the plaintiff was employed by the United States Postal Service at the Parkland Post Office in Milwaukee. Dkt. No. 1 at 2–3. The plaintiff marked that she is suing "for

3

discrimination in employment pursuant to" the "Americans with Disability Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117." Id. at 3.

In the "Statement of Claim" section, the plaintiff marked the boxes reflecting that the discriminatory conduct of which she is complaining included "[f]ailure to accommodate [her] disability" and "[u]nequal terms and conditions of [her] employment." Id. at 4. She said that it was her best recollection that the discriminatory acts occurred on "October 17" (no year provided) but that "there were other's [sic]." Id. The instructions for this section asked the plaintiff to

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.

Id. The plaintiff did not follow these instructions; she did not write a statement of her claim. The subsection that asked the plaintiff to list "[t]he facts of my case" is blank. Id. at 4–5.

The plaintiff marked the box reflecting that the defendants still were committing discriminatory acts against her and that they discriminated against her based on her "disability or perceived disability[.]" Id. She did not fill out the line that asked her to specify her disability. Id. The plaintiff marked the box stating that the Equal Employment Opportunity Commission (EEOC) had issued a notice of right to sue letter, but she did not list the date on which she received the letter (which the form asked her to do). Id. at 5. In the "Relief" section, the plaintiff wrote:

> I want a settlement. For all the things they put me through. For all the bulling, harrsing, humiliation, the mental torment. Justice so no one else goes through

Id. at 5 (as in original).

The plaintiff attached to the form complaint the EEOC's May 11, 2026 decision on the plaintiff's appeal of an administrative law judge's finding of no discrimination. Dkt. No. 1-1. The EEOC explained that in February 2024, the plaintiff had filed an equal employment opportunity complaint alleging that the defendants had discriminated against her based on her torn rotator cuff and PTSD when management improperly disclosed her disabilities (no specified date) by improperly disclosing her protected medical information, and that starting on October 17, 2023, the defendants had denied the plaintiff reasonable accommodations because "her medical documentation was insufficient" and sent her home. Id. at 2. The EEOC affirmed the initial finding of no discrimination. Id. at 3. The EEOC decision states that the plaintiff had a right to file a civil action in a U.S. District Court within ninety days of the date she received the decision. Id. at 5.

The plaintiff also attached to the complaint several letters from Aurora Health Care and Milwaukee Health Services, Inc. and one from UW Health. Dkt. No. 1-2. A letter dated October 7, 2024 from NP Carol Etzel states that the plaintiff "was given the wonderful gift of a new kidney in Feb of this year." Id. at 2. The letters contain requests to allow the plaintiff to take breaks or receive some other accommodation. Id. at 1–3, 7, 12–16. The plaintiff attached several medical forms, including several "Attending Physician's Reports" from the U.S.

Department of Labor and several NALC Medical Certification forms. Id. at 4–6, 8–11, 17–18. The plaintiff included a Milwaukee Police Department report that shows that the plaintiff was a victim of a carjacking. Id. at 19.

C.    Analysis

Although the plaintiff marked that she was bringing a claim under the Americans with Disabilities Act ("ADA"), she is an employee of the United States Postal Service and the statute that governs her disability discrimination claims is the Rehabilitation Act of 1973, 29 U.S.C. §§701 *et seq.* See Hancock v. Potter, 531 F.3d 474, 478 n.4 (7th Cir. 2008) ("The term 'employer' under the ADA specifically excludes the United States and its agencies from its definition, 42 U.S.C. § 12111(5)(B), and so [the plaintiff] should have actually sued under the Rehabilitation Act, 29 U.S.C. § 794.").

The Rehabilitation Act prohibits recipients of federal funds from discriminating against an otherwise qualified individual based solely on that individual's disability. 29 U.S.C. §794. The statute borrows the claims, elements and standards from the other federal discrimination laws, including the ADA. See Royan v. Chi. State Univ., 145 F.4th 681, 689 (7th Cir. 2025). This means that on the same facts, a plaintiff sometimes can make out both an ADA claim *and* a Rehabilitation Act claim. See Garg v. Potter, 521 F.3d 731, 736 (7th Cir. 2008) ("We examine our precedent under the ADA to determine whether [plaintiff] has made out a *prima facie* case under the Rehabilitation Act.").

There is an additional element in Rehabilitation Act claims: for a plaintiff to state a claim against an employer under the Rehabilitation Act, that employer must receive federal funds. 29 U.S.C. §794(a); see also Whitaker v. Wis. Dept. of Health Services, 849 F.3d 681, 684 (7th Cir. 2017). Although the plaintiff has not alleged that the USPS receives federal funding, the USPS is a federal agency and the Seventh Circuit has allowed Rehabilitation Act cases to proceed against it, usually without citing this requirement. See Simpson v. DeJoy, Appeal No. 21-1547, 2021 WL 6124885 (7th Cir. Dec. 28, 2021); see also Anderson v. Donahoe, 699 F.3d 989 (7th Cir. 2012); Sanchez v. Henderson, 188 F.3d 740, 744 (7th Cir. 1999) (proceeding in analyzing a Rehabilitation Act claim against the USPS after noting the act "prohibits recipients of federal funds from discriminating against an otherwise qualified individual based solely on that individual's real or perceived disability.").

There is yet another requirement: "[t]o bring a lawsuit under the Rehabilitation Act, plaintiffs must exhaust administrative remedies and cannot bring claims in the lawsuit not in the original EEOC charge." McHale v. McDonough, 41 F.4th 866, 869 (7th Cir. 2022); see Kendrick v. Brennan, Case No. 20-cv-1884, 2026 WL 1602192, at *7 (E.D. Wis. June 4, 2026). "'Exhaust' in this context means that the claimant must comply with the relevant preconditions [in the regulation] for bringing a lawsuit, including filing a timely complaint with the agency after contacting an EEO counselor." Reynolds v. Tangherlini, 737 F.3d 1093, 1099 (7th Cir. 2013) (citations omitted). EEOC exhaustion requirements also apply to EEO claims. See Lapka v. Chertoff, 517

7

F.3d 974, 981 (7th Cir. 2008); see also Ferguson v. Runyon, 116 F.3d 1482, at *2 (7th Cir. 1997) ("for purposes of discrimination claims filed by federal employees, a complaint filed with an agency's EEO office is the equivalent of an EEOC charge."). It appears the plaintiff has exhausted her administrative remedies. She attached the EEOC's affirmation of the denial of her EEO complaint which included a notice of her right to bring a lawsuit in federal court. Dkt. No. 1-1 at 1, 5.

Turning to the elements of the plaintiff's claim, to state a claim for disability discrimination under the ADA (and the Rehabilitation Act), a plaintiff must show that "(1) [she] was disabled; (2) [she] was otherwise qualified to perform essential functions with or without reasonable accommodation; and (3) disability was the 'but for' cause of the adverse employment action." Castetter v. Dolgencorp, LLC, 953 F.3d 994, 996 (7th Cir. 2020) (citing Scheidler v. Indiana, 914 F.3d 535, 541 (7th Cir. 2019)).

The plaintiff has not alleged sufficient facts to state a disability claim. While she did mark that the defendants discriminated against her based on a disability or perceived disability, the complaint does not identify that disability. See Dkt. No. 1 at 4. The various medical letters and forms show that at some point, the plaintiff has been diagnosed with PTSD and a rotator cuff tear, and that in 2024 she received a kidney transplant. See Dkt. No. 1-2. The EEOC decision mentioned PTSD and the rotator cuff tear. Dkt.  No. 1-1 at 2. The court may consider the exhibits attached to the complaint when screening it. See Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 505 (7th Cir. 2013).

8

But those exhibits don't help the court figure out whether the plaintiff is alleging that her employer discriminated against her based on PTSD, or based on the torn rotator cuff, or based on the kidney transplant, or based on a combination of some or all of those.

Nor does the plaintiff explain whether she was "otherwise qualified to perform" her job. She does not explain what her job is or what accommodations she believes her employer should have provided. The plaintiff marked that the defendants failed to accommodate her disability and gave her unequal terms and conditions for her employment, but she does not explain how her employer failed to accommodate her, or what the unequal terms and conditions were. See Dkt. No. 1 at 4.

The court will give the plaintiff an opportunity to file an amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for her amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must write the case number for this case in the space provided on the first page.

The plaintiff must use the spaces on pages two and three to explain the key facts that give rise to her disability discrimination claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the original complaint and must be complete in itself; the plaintiff may not refer the court back to facts in the previous complaint.

9

When writing her amended complaint, the plaintiff should identify the disability or disabilities that she believes caused her employer to discriminate against her. She must explain what accommodations she asked for. The plaintiff should provide the court with enough facts to answer the following questions: 1) Who (what person or persons) violated her rights?; 2) What did each person do to violate her rights?; 3) Where did each person violate her rights?; and 4) When did each person violate her rights? The plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate her rights.

## III.    Motion to Appoint Counsel (Dkt. No. 3)

The plaintiff's motion to appoint counsel states: "I would like permission to request for counsel I can't afford and attorney at this time I am request permission from the court to proceed with the civil action without paying fees or costs." Dkt. No. 3 (as in original).

"[T]here is no right to court-appointed counsel in federal civil litigation, but an indigent civil litigant may ask the district court to request an attorney to represent [her] *pro bono.*" McCaa v. Hamilton, 893 F.3d 1027, 1030 (7th Cir. 2018). But because most self-represented persons would like to have a lawyer represent them, there are not enough volunteer lawyers to represent each person who asks for one. The court cannot appoint a lawyer to each person who asks—it appoints lawyers only for those people who can demonstrate that

10

they can't obtain a lawyer themselves and that they are incapable of proceeding on their own. To demonstrate that, the plaintiff first must make a "good faith effort" to hire counsel on her own and attach evidence showing that she satisfied this requirement. Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)). To do so, the plaintiff must show that she contacted at least three lawyers and must provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyers; and (4) the lawyers' responses. Only after the plaintiff shows that she made a good faith effort to hire a lawyer on her own does the court analyze whether the plaintiff has demonstrated "the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019).

The plaintiff has not satisfied the first requirement. She has provided no evidence showing that she has made a good faith effort to hire counsel on her own. Even if she had, she has not provided the court with any information that would allow the court to determine whether she is able to litigate her claims without counsel.

The court will deny without prejudice the plaintiff's motion to appoint counsel. "Without prejudice" means that if this case reaches a point where the plaintiff no longer is capable of litigating on her own, she may file another motion asking the court to appoint counsel. In that motion, the plaintiff must provide evidence showing that she made a good faith effort to obtain counsel on

11

her own and she must explain why the case is one that she cannot litigate on her own.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 3.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, then by the end of the day on **September 11, 2026**, she must file an amended complaint that complies with the requirements of this order.

If by the end of the day on September 11, 2026, the plaintiff files an amended complaint, the court will screen and determine whether it states a claim for which a federal court may grant relief. If the plaintiff does not file an amended complaint by September 11, 2026, the court will dismiss this case on the next business day without further notice or hearing for the plaintiff's failure to state a claim in her original complaint.

Dated in Milwaukee, Wisconsin this 5th day of August, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**